**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID HOLLAND, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, JOHN T. STANDLEY, DARREN KARST, HEYWARD DONIGAN, and MATTHEW C. SCHROEDER,<br><br>Defendants. | Civil Action No. 1:23-cv-00589-JSG |

**JENNIFER DASILVA'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND IN FURTHER SUPPORT OF HER MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Jennifer DaSilva ("Mrs. DaSilva") respectfully submits this memorandum of law in opposition to the competing motions for appointment as lead plaintiff and in further support of her motion for appointment as lead plaintiff, filed in the above-captioned securities class action lawsuit (ECF No. 6) pending against Rite Aid Corporation ("Rite Aid" or the "Company"), John T. Standley ("Standley"), Darren Karst ("Karst"), Heyward Donigan ("Donigan"), and Matthew C. Schroeder ("Schroeder") (the "Action").

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. See 15 U.S.C. §78u-4(a)(3)(B). Under that directive, Mrs. DaSilva is the "most adequate plaintiff" because she is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). To determine financial interest, Courts in the Sixth Circuit and throughout the country typically use the following *Olsten*/*Lax* factor test: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *Owens v. FirstEnergy Corp.*, No. 2:20-cv-03785, 2020 U.S. Dist. LEXIS 219573, at *17 (S.D. Ohio Nov. 23, 2020). Under each of these factors Mrs. DaSilva has the largest "financial interest" in the litigation:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Jennifer DaSilva** | 100,235 | 100,235 | $1,722,491.00 | $1,489,945.80 |
| **Rafael Lopez** | 84,000 | 64,720 | $403,372.94 | $259,790.25 |
| **Richard Patterson** | 10,866 | 10,866 | $147,790.55 | $123,536.00 |
| **Harold Setliff** | 2,625 | 2,625 | $37,315.25 | $31,468.88 |

*See* ECF Nos. 6-3, 7-5, 8-4, and 12-1.[1] With ***five times*** greater losses than the closest competing movant, Rafael Lopez ("Mr. Lopez"), there can be no dispute that Mrs. DaSilva holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mrs. DaSilva has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Eshe Fund v. Fifth Third Bancorp*, Civil Action No. 1:08-cv-421, 2009 U.S. Dist. LEXIS 140342, at *17 (S.D. Ohio Mar. 5, 2009). Mrs. DaSilva is typical of the other class members insofar as she acquired Rite Aid Corporation ("Rite Aid" or the "Company") securities during the Class Period and was damaged as a result. Mrs. DaSilva does not have any interests adverse to the class and, as demonstrated in her declaration accompanying her motion, and is ideally suited to serve as the lead plaintiff given her 14 years of investing experience. *See* ECF No. 6-8.

---

[1] On May 30, Movant Harold Setliff withdrew his motion for lead plaintiff. *See* ECF No. 14. On June 1, Movant Richard Patterson filed a notice of non-opposition to the competing motions for appointment as lead plaintiff. *See* ECF No. 17.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mrs. DaSilva is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Mrs. DaSilva is somehow atypical or inadequate, she is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mrs. DaSilva respectfully requests that the Court grant her motion in its entirety and deny the competing motions.

## II.    ARGUMENT

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

In addition to possessing the largest financial interest among all of the movants, Mrs. DaSilva satisfies the typicality and adequacy requirements of Rule 23 and the PSLRA by virtue of having suffered losses in the same way as the other members of the Class, having no conflicts of interest with Class members, and having retained experienced and competent counsel to litigate the Action. Accordingly, Mrs. DaSilva is the statutorily presumed lead plaintiff for this matter and no indication— let alone proof—of inadequacy exists.

### A.    Mrs. DaSilva Has the Largest Financial Interest in the Relief Sought by the Class.

Courts in the Sixth Circuit and throughout the Country generally look at the following *Olsten/Lax* factors to determine the financial interest of a lead plaintiff movant: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the

4

net funds expended during the class period; and (4) the approximate losses suffered. *Plagens v. Deckard,* No. 1:20-cv-2744, 2021 U.S. Dist. LEXIS 143359, at \*18 (N.D. Ohio Aug. 2, 2021); *Owens*, 2020 U.S. Dist. LEXIS 219573, at \*17; *In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. 298, 302-03 (S.D. Ohio 2005) ("*Cardinal Health I*"). Within the Sixth Circuit, "the dominant approach … is to treat the loss factor as determinative." *Owens*, 2020 U.S. Dist. LEXIS 219573, at \*29-30. Mrs. DaSilva indisputably has the "largest financial interest" in the Action under every factor:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Jennifer DaSilva | 100,235 | 100,235 | $1,722,491.00 | $1,489,945.80 |
| Rafael Lopez | 84,000 | 64,720 | $403,372.94 | $259,790.25 |
| Richard Patterson | 10,866 | 10,866 | $147,790.55 | $123,536.00 |
| Harold Setliff | 2,625 | 2,625 | $37,315.25 | $31,468.88 |

*See* ECF Nos. 6-3, 7-5, 8-4, and 12-1.

As compared to the nearest movant Mr. Lopez, Mrs. DaSilva purchased over 16,000 gross shares, retained over 35,000 more net shares, expended over four times more net funds, and lost $1,230,155.55 more. Accordingly, Mrs. DaSilva has the largest financial interest in this matter.

**B. Mrs. DaSilva Satisfies the Requirements of Rule 23**

The PSLRA requires that the presumptive lead plaintiff "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Courts have applied this directive at the lead plaintiff stage by analyzing the typicality and adequacy requirements of Rule 23. *Ohio Public Employees Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005). Here,

Mrs. DaSilva satisfies both the typicality and adequacy prongs of Rule 23, requiring her appointment as Lead Plaintiff.

"In the Sixth Circuit, the test for typicality is whether a named plaintiff's claims 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-00882, 2012 U.S. Dist. LEXIS 44445, at \*99-100 (M.D. Tenn. Mar. 29, 2012) (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). There can be no dispute that Mrs. DaSilva satisfies the typicality requirement. Like all members of the Class, Mrs. DaSilva: (1) purchased Rite Aid securities during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result of Defendants' material misstatements. Thus, Mrs. DaSilva's claims are substantially similar, if not identical, to those of absent Class members. *See Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 444 (S.D. Ohio 2009) (collecting cases); *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 501 (M.D. Tenn. 2019) (noting that "typicality is met if the class members' claims are fairly encompassed by the named plaintiffs' claims.").

A lead plaintiff satisfies the adequacy requirement of Rule 23 in the Sixth Circuit by showing that the movant: (1) has common interests with the unnamed Class members; and (2) will vigorously prosecute the action with the assistance of qualified counsel. *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03CV2166, 2004 U.S. Dist. LEXIS 27043, at \*29 (N.D. Ohio May 12, 2004). Mrs. DaSilva readily meets these requirements as she has no conflicts with absent Class members and is highly motivated to recover for losses suffered from Defendants' alleged violations of the federal securities laws – the same injury incurred by the proposed Class, arising from the same alleged conduct.

As set forth in her PSLRA certification and declaration, Mrs. DaSilva is a sophisticated investor with over fourteen years of investing experience in the stock market. She is self-employed with her husband as a real estate investor. *See* ECF No. 6-8, (DaSilva Declaration). Accordingly, Mrs. DaSilva is especially qualified to direct and oversee the litigation for the benefit of herself and the Class.

Mrs. DaSilva's adequacy is further bolstered by her choice of counsel, having chosen Levi & Korsinsky, LLP ("Levi & Korsinsky") as proposed Lead Counsel for the Class and Cummins Law LLC ("Cummins Law") as Liaison Counsel. Both Levi & Korsinsky and Cummins Law, who have successfully worked together in other securities matters, are highly experienced in securities class actions and are well qualified to litigate the Action on behalf of the Class and their appointments should also be approved. See ECF Nos. 6-6 and 6-7 (firm résumés of Levi & Korsinsky and Cummins Law).

**B.      No Proof Exists to Rebut the Presumption in Favor of Mrs. DaSilva's Appointment as Lead Plaintiff.**

Having the largest financial interest and satisfying the Rule 23 requirements of adequacy and typicality, Mrs. DaSilva is entitled to the presumption of "most adequate plaintiff." This presumption may be rebutted only upon proof by a class member that Mrs. DaSilva "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *St. Clair Cnty. Emples. Ret. 7ystem v. Acadia Healthcare Co.,* No. 3:18-cv-00988, 2019 U.S. Dist. LEXIS 22095, at *7 (M.D. Tenn. Jan. 9, 2019); *La. Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., No. 2:19-CV-3347,* 2020 U.S. Dist. LEXIS 107933, at *23-24 (S.D. Ohio June 19, 2020) ("*Cardinal Health II*").; *Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 989 (M.D. Tenn. 2016).

The two remaining competing lead plaintiff movants, Mr. Lopez and Mr. Patterson, can only rebut that presumption with proof that Mrs. DaSilva is atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Rao,* 221 F. Supp. 3d at 989 (the lead plaintiff presumption "may be rebutted only upon proof"). No such proof exists here, requiring the Court to appoint Mrs. DaSilva as lead plaintiff. The interests of Mrs. DaSilva align with the interests of the members of the Class and Mrs. DaSilva has retained counsel well versed in securities class action litigation.

**D. The Court Should Approve Movant's Choice of Counsel.**

The Court should approve Mrs. DaSilva's selection of Levi & Korsinsky as Lead Counsel for the putative Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to approval by the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). The attorneys at Levi & Korsinsky are highly experienced in class action securities litigation and will prosecute the Action effectively and expeditiously. Likewise, the attorneys at Cummins Law are also experienced in class action securities lawsuits. See ECF Nos.6-6 and 6-7, (firm resumes). Thus, Mrs. DaSilva's chosen counsel are eminently qualified and are prepared to devote the necessary time and resources to this Action for the benefit of Mrs. DaSilva and the absent Class members.

**III. CONCLUSION**

For all the foregoing reasons, Mrs. DaSilva respectfully requests that the Court grant her motion: (i) appointing her as Lead Plaintiff; (ii) approving her selection of Levi & Korsinsky as Lead Counsel and Cummins Law as Liaison Counsel; and (iii) granting such other relief as the Court may deem just and proper.

DATED: June 2, 2023                                    **CUMMINS LAW LLC**

                                                       /s/ *James R. Cummins*_____
                                                       James R. Cummins (0000861)
                                                       312 Walnut Street, Suite 1530

Cincinnati, Ohio 45202
Tel: 513.721.9000
Fax: 513.721.9001
Email: jcummins@cumminslaw.us

*Liaison Counsel for Jennifer DaSilva and
[Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
55 Broadway, 4th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jennifer DaSilva and
[Proposed] Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys on record.

*/s/ James R. Cummins*
James R. Cummins
