**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID HOLLAND, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>RITE AID CORPORATION, JOHN T. STANDLEY, DARREN KARST, HEYWARD DONIGAN, and MATTHEW C. SCHROEDER,<br><br>    Defendants. | Civil Action No. 1:23-cv-00589-JSG |

**JENNIFER DASILVA'S MEMORANDUM OF LAW IN REPLY TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND IN FURTHER SUPPORT OF HER MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## I.   PRELIMINARY STATEMENT

Jennifer DaSilva ("Mrs. DaSilva") is the "most adequate plaintiff" and respectfully submits this reply memorandum in further support of her motion: (1) to be appointed as Lead Plaintiff, pursuant to § 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of her selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the class and Cummins Law LLC ("Cummins") as Liaison Counsel.

On May 19, 2023, Mrs. DaSilva timely submitted her motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action"). *See* ECF No. 6. Three other competing motions for appointment as Lead Plaintiff were filed by Rafael Lopez, Richard Patterson, and Harold Setliff. *See* ECF Nos. 7, 8, and 12. On May 30, 2023, movant Harold Setliff withdrew his motion for lead plaintiff. *See* ECF No. 14. On June 1, 2023, movant Richard Patterson filed a notice of non-opposition. *See* ECF No. 17. On June 2, 2023, the day oppositions were due, movant Rafael Lopez withdrew his motion for lead plaintiff. *See* ECF No. 19. Additionally, the competing movants acknowledged that Mrs. DaSilva had the "largest financial interest" in the litigation and did not offer any proof that Mrs. DaSilva failed to satisfy Rule 23 nor challenged Mrs. DaSilva's ability to lead this litigation as Lead Plaintiff.

Therefore, Mrs. DaSilva is the "most adequate plaintiff," and in light of the withdrawals of the competing movants' motions and lack of opposition to Mrs. DaSilva's motion for appointment as Lead Plaintiff, Mrs. DaSilva respectfully requests that the Court: (1) appoint her as Lead Plaintiff; (2) approve the selection of Levi & Korsinsky as Lead Counsel and Cummins as Liaison Counsel; and (3) deny all other motions.

II.     ARGUMENT

A.     **Mrs. DaSilva is the "Most Adequate Plaintiff" to Serve as the Lead Plaintiff.**

Mrs. DaSilva has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, Courts in the Sixth Circuit and throughout the Country generally look to the following *Olsten/Lax* factors to determine the financial interest of a lead plaintiff movant: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *Plagens v. Deckard,* No. 1:20-cv-2744, 2021 U.S. Dist. LEXIS 143359, at *18 (N.D. Ohio Aug. 2, 2021); *Owens*, 2020 U.S. Dist. LEXIS 219573, at *17; *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 302-03 (S.D. Ohio 2005) ("*Cardinal Health I*").

In the Sixth Circuit, "the dominant approach … is to treat the loss factor as determinative." *Owens v. FirstEnergy Corp.*, Case Nos. 2:20-cv-037852020; 2:20-cv-03785, U.S. Dist. LEXIS 219573, at *29-30 (S.D. Ohio Nov. 23, 2020). Mrs. DaSilva has a significantly greater financial interest in all four of the *Olsten/Lax* factors.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Jennifer DaSilva** | 100,235 | 100,235 | $1,722,491.00 | $1,489,945.80 |
| **Rafael Lopez** | 84,000 | 64,720 | $403,372.94 | $259,790.25 |
| **Richard Patterson** | 10,866 | 10,866 | $147,790.55 | $123,536.00 |
| **Harold Setliff** | 2,625 | 2,625 | $37,315.25 | $31,468.88 |

*See* ECF Nos. 6-3, 7-5, 8-4, and 12-1.

As compared to the nearest movant Rafael Lopez, Mrs. DaSilva purchased over 16,000 gross shares, retained over 35,000 more net shares, expended over four times more net funds, and lost $1,230,155.55 more. Therefore, Mrs. DaSilva has the largest financial interest in this matter.

Mrs. DaSilva has also made a preliminary showing of typicality and adequacy, which is all that is needed at this stage in the litigation. *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997); *Ohio Public Employees Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005). Mrs. DaSilva's claims are typical of those of other Class members because, like other Class members, she purchased Rite Aid securities during the Class Period at prices artificially inflated by Defendants' false and misleading statements and/or omissions that form the basis of the Action. Mrs. DaSilva's claims are also based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See* ECF No. 6-1; DaSilva Memo at 6-7. Thus, Mrs. DaSilva's claims are substantially similar, if not identical, to those of absent Class members. *See Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 444 (S.D. Ohio 2009) (collecting cases); *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 501 (M.D. Tenn. 2019) (noting that "typicality is met if the class members' claims are fairly encompassed by the named plaintiffs' claims.").

Mrs. DaSilva has also made a preliminary showing of adequacy, as she has no conflicts with other Class Members, nor is there evidence of any antagonism between Mrs. DaSilva's interest and those of the Class. *See* ECF No. 6-1; DaSilva Memo at 7-8; 15 U.S.C. § 78u-4(a)(3)(B); see *Fannie Mae*, 357 F. Supp. 2d at 1034.

Finally, Mrs. DaSilva has further demonstrated her adequacy by submitting a declaration in support of her Motion, attesting that she is ready, willing, and able to oversee this litigation. *See* ECF

4

No. 6-8. The declaration further provided that Mrs. DaSilva considers herself to be a sophisticated individual, having been investing in the stock market for over 14 years. *Id.* Moreover Mrs. DaSilva states in her certification and declaration her familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 6-5; 6-8 (PSLRA Certification & DaSilva Declaration). Finally, Mrs. DaSilva has attested that she will take all steps necessary to maximize the recovery for herself and the rest of the Class and will confer with counsel, attend court proceedings, depositions, settlement negotiations, hearings, and whatever else is necessary to adequately protect the interests of the Class. *Id*. Mrs. DaSilva will ensure that the claims asserted in the Action are prosecuted zealously. *Id.*

Mrs. DaSilva, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mrs. DaSilva is entitled to the presumption that she is the "most adequate plaintiff" and should be appointed lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**B.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Mrs. DaSilva as Lead Plaintiff.**

As established by the absence of any opposition to Mrs. DaSilva's appointment, she is entitled to appointment as Lead Plaintiff under the PSLRA, as she has the largest financial interest among the movants and otherwise meets the Rule 23 requirements as her claims are typical, and she will fairly and adequately protect the interests of the class. No movant has submitted a response challenging any aspect of Mrs. DaSilva's motion or her entitlement to appointment, and therefore, her motion is unopposed. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Rao v. Quorum Health Corp.,* 221 F. Supp. 3d at 989 (M.D. Tenn. 2016) (the lead plaintiff presumption "may be rebutted only upon proof"). Mrs. DaSilva is now the only remaining

movant for Lead Plaintiff. On May 30, 2023, movant Harold Setliff withdrew his motion for lead plaintiff. *See* ECF No. 14. On June 1, 2023, movant Richard Patterson filed a notice of non-opposition. *See* ECF No. 17. On June 2, 2023, movant Rafael Lopez withdrew his motion for lead plaintiff. *See* ECF No. 19. Accordingly, it is undisputed that Mrs. DaSilva is the "most adequate plaintiff" as defined in the PSLRA and is entitled to appointment as Lead Plaintiff.

## III. CONCLUSION

For the foregoing reasons, and the reasons set forth in her opening and opposition briefs, Mrs. DaSilva respectfully requests that the Court grant her Motion and enter an order: (i) appointing her as Lead Plaintiff; (ii) approving her selection of Levi & Korsinsky as Lead Counsel and Cummins as Liaison Counsel; and (iii) granting such other relief as the Court may deem just and proper.

DATED: June 9, 2023

**CUMMINS LAW LLC**

/s/ *James R. Cummins*
James R. Cummins (0000861)
312 Walnut Street, Suite 1530
Cincinnati, Ohio 45202
Tel: 513.721.9000
Fax: 513.721.9001
jcummins@cumminslaw.us

*Liaison Counsel for Jennifer DaSilva and*
*[Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
55 Broadway, 4th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jennifer DaSilva and*
*[Proposed] Lead Counsel for the Class*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys on record.

*/s/ James R. Cummins*
James R. Cummins
