**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID HOLLAND, Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | ) No. 2:23-cv-02962-KBH |
| RITE AID CORPORATION, HEYWARD DONIGAN, MATTHEW C. SCHROEDER, JAMES PETERS, JOCELYN KONRAD, JOHN T. STANDLEY, DARREN W. KARST, and ELIZABETH BURR, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
INDIVIDUAL DEFENDANTS' MOTION TO STAY**

Defendants Heyward Donigan, Matthew C. Schroder, James Peters, Jocelyn Konrad, John T. Standley, Darren W. Karst, and Elizabeth Burr (collectively, the "Individual Defendants") respectfully request the Court exercise its inherent powers to stay this case through March 8, 2024, seven days after the final day of the scheduled confirmation hearing for defendant Rite Aid Corporation's ("Rite Aid") pending bankruptcy. Rite Aid is the real party in interest in this case, the case is stayed automatically against Rite Aid pending its bankruptcy pursuant to bankruptcy law, and this Court should not allow Plaintiff to "do indirectly what the bankruptcy laws prohibit them from doing directly" by allowing the claims against the Individual Defendants to proceed while the claims against Rite Aid are stayed. *In re Loewen Group, Inc. Sec. Litig.*, No. 98-cv-6740, 2001 WL 530544, at *4 (E.D. Pa. May 16, 2001). Doing so risks inconsistent results, would distract from Rite Aid's reorganization efforts, including by

demanding the attention of current officer and director defendants, and would threaten Rite Aid's ability to protect its own interests in the litigation.

## I.       BACKGROUND

This is a securities fraud case against Rite Aid and the six Individual Defendants, all of whom are current or former officers or directors of Rite Aid.[1]  Rite Aid is a publicly held retail pharmacy chain with locations across the United States. Am. Compl., ¶ 3.

Named plaintiff David Holland brought this action on March 20, 2023 in the United States District Court for the Northern District of Ohio. ECF No. 1.  On June 22, 2023, Judge James S. Gwin appointed Jennifer DaSilva ("Plaintiff") as lead plaintiff. ECF No. 27. Defendants filed an unopposed motion to transfer to the United States District Court for the Eastern District of Pennsylvania where Rite Aid is headquartered, which Judge Gwin granted on

---

[1] Defendant Elizabeth Burr became Rite Aid's interim Chief Executive Officer ("CEO") in January 2023. ECF No. 40 ("Am. Compl."), ¶ 24. She has served on the board of directors since 2019. *Id.*

Defendant Heyward Donigan was Rite Aid's CEO from August 2019 to January 2023. *Id.* ¶ 18.

Defendant John Standley was Rite Aid's CEO from June 2010 to August 2019. *Id.* ¶ 22. Mr. Standley also served as the chairperson of the board of directors from 2012 to 2019. *Id.*

Defendant Matthew C. Schroeder is Rite Aid's Chief Financial Officer ("CFO") and has been in that role since March 2019. *Id.* ¶ 19. He previously served as chief accounting officer and treasurer from 2017 to 2019. *Id.*

Defendant Darren Karst served as Rite Aid's CFO and an executive vice president from August 2014 to March 2019. ¶ 23. He was also Rite Aid's chief administrative officer from September 2015 to 2019. *Id.*

Defendant James Peters was Rite Aid's Chief Operating Officer ("COO") from October 2019 to March 2022. *Id.* ¶ 20.

Defendant Jocelyn Konrad was Rite Aid's Chief Pharmacy officer ("CPO") from October 2019 to March 2022. *Id.* ¶ 21. Ms. Konrad was also an executive vice president at Rite Aid from August 2015 to March 2022. *Id.*

August 1, 2023. ECF Nos. 29-30. Pursuant to a stipulation entered on August 7, 2023, Plaintiff filed an amended complaint on September 8, 2023. ECF Nos. 34, 40.

The Amended Complaint alleges that public statements made by the Individual Defendants and in Rite Aid's SEC filings were false or misleading and artificially inflated Rite Aid's stock price, resulting in losses to Plaintiff and the putative class when the truth about them was revealed.  Am. Compl. ¶¶ 369-78. The Amended Complaint asserts that these challenged statements subject both Rite Aid and the Individual Defendants to liability under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, and that the 10(b) claim against Rite Aid subjects the Individual Defendants to liability under Section 20(a) of the Exchange Act.  *Id.* ¶¶ 369-78, 379-88.  The claims against Rite Aid and the claims against the Individual Defendants are based on the same two theories of liability.  First, Plaintiff alleges that Rite Aid knowingly dispensed medically unnecessary opioids, and the public statements made by Rite Aid and the Individual defendants concealed that conduct and the legal and regulatory exposure the company faced as a result of it.  Second, Plaintiff claims that Rite Aid and the Individual Defendants made public statements touting the success of a Rite Aid business strategy called RxEvolution, but concealed that the result of Rite Aid's revenue was actually the result of unsustainable COVID-19-related sales.

On October 15, 2023, Rite Aid filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. *See In re Rite Aid Corporation, et al.*, No. 23-bk-18993 (Bankr. D.N.J.). On October 17, 2023, Rite Aid filed in this case a Suggestion of Bankruptcy for Rite Aid Corporation and Certain of its Affiliates and Notice of Automatic Stay of Proceedings. ECF No. 43.  This case is stayed as to Rite Aid pursuant to the automatic stay in 11 U.S.C. § 362(a).  The confirmation hearing for Rite Aid's plan of reorganization is currently

scheduled for February 29 and March 1, 2024. Audio Recording of Nov. 21, 2023 Hearing, *In re Rite Aid Corporation, et al.*, No. 23-bk-18993 (Bankr. D.N.J.), ECF No. 739.

Pursuant to a stipulation between Plaintiff and the Individual Defendants, which was entered by the Court on October 31, 2023, the case against the Individual Defendants is currently stayed until December 14, 2023. ECF No. 48. In light of this approaching deadline, Individual Defendants conferred with Plaintiff to determine whether the parties could agree to continue the stay pending the completion of the confirmation hearing. Plaintiff did not agree.

## II.    LEGAL STANDARD

"The District Court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket.'" *Tyler v. Diamond State Port Corporation*, 816 Fed. Appx. 729, 731 (3d Cir. 2020) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). In cases involving a defendant undergoing bankruptcy, the Third Circuit has recognized that staying claims against non-debtor co-defendants is appropriate in certain circumstances, including when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510–11 (3d Cir. 1997) (internal quotations omitted). When such circumstances exist, courts consider four factors to determine whether a stay is warranted, all of which favor a stay here:

> (1) plaintiff's interest in having a forum and whether a satisfactory alternative forum exists; (2) whether the defendant may wish to avoid multiple litigation or inconsistent relief for liability shared with third parties; (3) the extent to which judgment may impede the debtor-party's ability to protect its interest; and (4) the interest of the courts and the public in the consistent and efficient settlement of controversies.

4

*In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *6 (E.D. Pa. May 13, 2003).

III.    **ARGUMENT**

A.    **A Stay as to the Individual Defendants is Warranted.**

A stay as to the Individual Defendants is appropriate in this case because Plaintiff's claims against the Individual Defendants are inextricably tied to her claims against Rite Aid, such that Rite Aid is the real party in interest.  Requiring the Individual Defendants to litigate the claims that are fundamentally, primarily against Rite Aid would allow Plaintiff to circumvent the automatic stay and threaten Rite Aid's ability to protect its own interests in the litigation.  Moreover, each of the four relevant factors weighs in favor of a stay of the claims against the Individual Defendants.

***Rite Aid is the real party in interest in this case.*** The Individual Defendants were or are directors and officers of Rite Aid and Plaintiff's claims arise out of the Individual Defendants' conduct while working for Rite Aid.  Plaintiff's alleged injury is the resulting diminishment of the value of Rite Aid stock.  Plaintiff's theory of liability as to the Individual Defendants is identical to her theory of liability as to Rite Aid.  Moreover, the Section 20(a) claim against the Individual Defendants depends as a matter of law upon Plaintiff having successfully pled a Section 10(b) claim against Rite Aid.

For each of these reasons, Plaintiff cannot "meaningfully separate the actions of the company from the actions of its officers and directors." *Loewen Group*, 2001 WL 530544, at *3; *see also In re Adelphia*, 2003 WL 22358819, at *7 ("[B]ecause many of the individual defendants were officers of Adelphia and the claims against them arise out of their conduct at the company, Adelphia cannot adequately protect its interests if the civil actions are allowed to

5

proceed without Adelphia's involvement.").  Plaintiff's case is thus fundamentally against Rite Aid, and allowing the case against the Individual Defendants to proceed would impermissibly allow Plaintiff to "do indirectly what the bankruptcy laws prohibit [her] from doing directly; that is bring suit against a company in reorganization merely by substituting the officers and directors [Plaintiff] contend[s] were responsible for the company's alleged misconduct." *Loewen Group*, 2001 WL 530544, at *4.

Further, when such a case proceeds against individual defendants but not the debtor, "[c]ollateral estoppel may prevent [debtor] from litigating factual and legal issues critical to the claims of the plaintiffs against it." *Smith v. Dominion Bridge Corp.*, No. CIV. A. 96-7580, 1999 WL 111465, at *5 (E.D. Pa. Mar. 2, 1999).  Here, for example, a determination as to the viability of Plaintiff's Section 20(a) claim against the Individual Defendants necessarily requires a determination that an adequate claim under Section 10(b) has been pled against Rite Aid.  *See, e.g., In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 588 (D.N.J. 2001) ("Claims under Section 20(a), therefore, are 'derivative—requiring proof of a separate underlying violation of the Exchange Act.'"). If this Court were to make a determination on the viability of Plaintiff's Section 20(a) claim while Rite Aid remains in bankruptcy, it will necessarily need to decide upon the viability of the Section 10(b) claims against Rite Aid. This would require the Individual Defendants to litigate the issue on Rite Aid's behalf and deny Rite Aid an opportunity to raise its own arguments against the Section 10(b) claims against it.  Because of the interconnectedness of the claims against Rite Aid and the Individual Defendants, allowing the case to proceed against the Individual Defendants here would threaten Rite Aid's ability to litigate the case itself.

***Additionally, each of the four relevant factors weigh in favor of a stay here.*** The first factor—Plaintiff's interest in having a forum—favors a stay because placing the case in suspense

still allows Plaintiff to "retain this Court as the forum to adjudicate their securities claims." *In re Adelphia*, 2003 WL 22358819, at \*4. "Extending the stay to all defendants does not shield any of the defendants from liability, but rather merely delays the proceedings until [debtor] can submit and implement a reorganization plan to its creditors." *Smith*, 1999 WL 111465, at \*4.

The remaining factors – avoiding inconsistent relief and preventing duplicative litigation, impeding an absent party's ability to protect its interests, and the public interest in consistent and efficient resolution of controversies – also support a stay here. Allowing the claims against the Individual Defendants to proceed, while the identical claims against Rite Aid remain stayed, could lead to burdensome and inconsistent results. "[T]he Court, the public, and the parties all have an interest in the efficient resolution of both the civil and the bankruptcy claims." *In re Adelphia*, 2003 WL 22358819, at \*7. Additionally, allowing the case to proceed against the Individual Defendants risks duplicative proceedings that could result in inconsistent relief. *See Smith*, 1999 WL 111465, at \*4;  *In re Adelphia*, 2003 WL 22358819, at \*7.

***Finally, additional considerations weigh in favor of staying the case as to the Individual Defendants.***  Rite Aid has legal obligations to indemnify the Individual Defendants, and also maintains insurance policies that might be used to indemnify the Individual Defendants. When "it is possible that [the debtor] may be required to indemnify the individual defendants for any liability they incur as a result of this lawsuit . . . continuing with the claims against the individual defendants in the absence of [the debtor] would undermine the purpose of granting the stay as to the claims against [the debtor]." *Smith*, 1999 WL 111465, at \*5.

Moreover, securities fraud cases "require significant and burdensome discovery" into documents controlled by the corporate defendant, necessarily involving "substantial involvement" by the debtor, at a time when the debtor is meant to be focused on its

7

reorganization. *Adelphia*, 2003 WL 22358819, at *7.  It would distract from Rite Aid's reorganization efforts, including by demanding the attention of current officer and director defendants, in the event this case was permitted to continue and entered into discovery.

*        *        *

For these reasons, allowing the claims to move forward against the Individual Defendants would functionally require the Individual Defendants to litigate the case on behalf of Rite Aid, the real party in interest, threatening Rite Aid's ability to protect its own interests, burdening Rite Aid and certain Individual Defendants during its reorganization, and potentially leading to contradictory court orders.  In contrast, granting a stay would preserve all parties' rights and would not prejudice Plaintiff. Accordingly, a stay as to the Individual Defendants is warranted.

**B.        The Individual Defendants' Proposed Stay Is Reasonable and Appropriate.**

For the reasons addressed above, the Individual Defendants respectfully request the Court order that the case remain stayed as to them through March 8, 2024. The confirmation hearing for Rite Aid's reorganization plan is currently scheduled to be complete by March 1, 2024.  *See* Audio Recording of Nov. 21, 2023 Hearing, *In re Rite Aid Corporation, et al.*, No. 23-bk-18993 (Bankr. D.N.J.), ECF No. 739.  In the event the hearing occurs as scheduled, the Individual Defendants expect to have more clarity at that time with respect to the status of the claims against Rite Aid.  Individual Defendants propose that the parties meet and confer following the hearing regarding the status of this case and impact of the hearing, and file a joint status report on or before March 8, 2024 outlining their respective positions on whether the stay against the Individual Defendants should remain or be lifted.  If the confirmation hearing does not occur as scheduled, or otherwise does not end on March 1, 2024, the Individual Defendants propose that the parties still meet and confer at that time and provide the Court with a status report by March 8, 2024.

8

## IV.    CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that this Court grant their motion and stay this case through March 8, 2024.

Dated: December 14, 2023                              Respectfully submitted,


                                                     */s/  Laura Hughes McNally*
                                                     Michael L. Kichline (Bar No. 62293)
                                                     Laura Hughes McNally (Bar No. 310658)
                                                     Amanda F. Lashner (Bar No. 314443)
                                                     Morgan, Lewis & Bockius LLP
                                                     2222 Market Street
                                                     Philadelphia, PA 19103
                                                     Telephone: 215.963.5000
                                                     Facsimile: 215.963.5001
                                                     michael.kichline@morganlewis.com
                                                     laura.mcnally@morganlewis.com
                                                     amanda.lashner@morganlewis.com

                                                     *Counsel for Defendants Heyward Donigan,*
                                                     *Matthew C. Schroder, James Peters, Jocelyn*
                                                     *Konrad, John T. Standley, Darren W. Karst, and*
                                                     *Elizabeth Burr*

## CERTIFICATE OF SERVICE

I, Laura Hughes McNally, hereby certify that on December 14, 2023, I caused a copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

/s/ *Laura Hughes McNally*
Laura Hughes McNally