**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID HOLLAND, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION, HEYWARD DONIGAN, MATTHEW C. SCHROEDER, JAMES PETERS, JOCELYN KONRAD, JOHN T. STANDLEY, DARREN W. KARST, and ELIZABETH BURR,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. 2:23-cv-02962-KBH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
INDIVIDUAL DEFENDANTS' MOTION TO STAY**

**TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................................................1

II.   BACKGROUND .....................................................................................................................2

III.  ARGUMENT...........................................................................................................................3

    A.    The Individual Defendants Concede that the Automatic Stay Does Not
        Apply...................................................................................................................................3

    B.    The Court Should Not Exercise Its Inherent Authority to Enter A
        Discretionary Stay of Claims Asserted Against the Individual Defendants ............7

        1.    Legal Standard ..........................................................................................7

        2.    Application of Each of the Factors Favors Plaintiff and Militates
            Against Granting a Stay ...........................................................................9

IV.   CONCLUSION......................................................................................................................16

**TABLE OF AUTHORITIES**

**CASES**

*ADP, Inv. v. Wise Payments LTD.*,
 2022 WL 2833819 (D.N.J. July 19, 2022) .................................................................................. 7

*Anspach v. City of Phila.*,
 503 F.3d 256 (3d Cir. 2007) ...................................................................................................... 4

*Cao Lighting, Inc. v. Gen. Elec. Co.*,
 2022 WL 17752270 (D. Del. Dec. 19, 2022) .......................................................................... 10

*Ciolli v. Iravani,*
 2008 WL 4412053 (E.D. Pa. Sept. 24, 2008) ............................................................................ 9

*City of Hialeah Employees Retirement System et al. v. Becker et al.*,
 Case No. 3:23-cv-1697-JD (N.D. Ca.) ................................................................................ 2, 13

*Clientron Corp. v. Devon IT, Inc.*,
 2014 WL 940406 (E.D. Pa. Mar. 10, 2014) ............................................................................ 15

*CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc.*,
 381 F.3d 131 (3d Cir. 2004) ...................................................................................................... 7

*Cushman & Wakefield, Inc. v. Backos*,
 129 B.R. 35 (E.D. Pa. 1991)..................................................................................................... 10

*Dennis v. Trans Union, LLC*,
 2016 WL 127453 (E.D. Pa. Jan. 12, 2016)................................................................................. 9

*Dental Ben. Mgmt., Inc. v. Capri*,
 153 B.R. 26 (E.D. Pa. 1992)..................................................................................................... 13

*Discover Bank v. Greenwood House Home for the Jewish Aged T/A Abrams Residence*,
 2021 WL 11695985 (D.N.J. Jan. 15, 2021)................................................................................ 7

*Forcine Concrete & Constr. Co. v. Manning Equip. Sales & Serv.*,
 426 B.R. 520 (E.D. Pa. 2010)..................................................................................... 3, 5, 6, 11

*Frantatoro v. Grabato*,
 2023 WL 5605669 (D.N.J. Aug. 30, 2023) ............................................................................... 8

*Garcia v. S&F Logistics, LLC*,
 2022 WL 2392029 (E.D. Pa. July 1, 2022) .......................................................................... 9, 13

*Giovanni v. United States Dep't of the Navy*,
 2019 WL 6839941 (E.D. Pa. Dec. 16, 2019)............................................................................. 9

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*,
  87 F.R.D. 53 (E.D. Pa. 1980) ............................................................................. 13

*Hernandez v. City of Phila.*,
  2022 WL 10493526 (E.D. Pa. Oct. 18, 2022) ........................................................ 8

*Holland v. New Jersey Res. Corp.*,
  2013 WL 4780763 (D.N.J. Sept. 5, 2013) ........................................................... 7, 9

*Hong v. Mommy's Jamaican Mkt. Corp.*,
  2023 WL 3568807 (S.D.N.Y. May 18, 2023) ........................................................ 7

*Horn v. District of Columbia*,
  210 F.R.D. 13 (D.D.C. 2002) ............................................................................. 15

*In re Adelphia Commc'ns Sec. Litig.*,
  2003 WL 22358819 (E.D. Pa. May 13, 2003)........................................... 7, 8, 9, 10

*In re Baldwin-United Corp. Litig.*,
  765 F.2d 343 (2d Cir. 1985) ............................................................................... 5

*In re Deriv. Litig., Herley Indus., Inc.*,
  2007 WL 1101276 (E.D. Pa. Apr. 11, 2007)........................................................ 10

*In re Dynegy, Inc*,
  770 F.3d 1064 (2d Cir. 2014) ............................................................................. 4

*In re Loewen Grp., Inc. Sec. Litig.*,
  2001 WL 530544 (E.D. Pa. May 16, 2001)............................................................ 6

*In re LTL Management, LLC*,
  638 B.R. 291 (Bankr. D.N.J. 2022) ...................................................................... 6

*In re Phar-Mor, Inc. Sec. Litig.*,
  166 B.R. 57 (W.D. Pa. Apr. 4, 1994) .................................................................... 7

*In re Rite Aid Corporation*,
  Case No. 23-18993(MBK) (Bankr. D.N.J.)............................................................ 3

*In re Summers*,
  1999 Bankr. LEXIS 837 (Bankr. E.D. Pa. June 28, 1999) ........................................ 3

*In re SVB Financial Grp. Sec. Litig.*,
  Case No. 3:23-cv-01097-JD (N.D. Cal. Nov. 30, 2023) ...................................... 2, 14

*In re Valeant Pharms. Int'l, Inc., Sec. Litig.*,
  2019 WL 1578677 (D.N.J. Apr. 12, 2019)........................................................... 10

iv

*Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*,
   2018 WL 5923447 (E.D. Pa. Nov. 13, 2018) ................................................................... 4

*Jackson v. Trump Entm't Resorts, Inc.*,
   2015 WL 13637411 (D.N.J. Feb. 11, 2015) ................................................................. 3, 5

*Klaff v. Wieboldt Stores, Inc.*,
   1988 WL 142163 (N.D. Ill. Dec. 23, 1988)................................................................... 10

*Laborers' Int'l Union v. Foster Wheeler Corp.*,
   26 F.3d 375 (3d Cir. 1994) ............................................................................................ 4

*Local 478 Trucking & Allied Indus. Pension Fund v. Jayne*,
   778 F. Supp. 1289 (D.N.J. 1991).................................................................................. 13

*McCartney v. Integra Nat'l Bank N.*,
   106 F.3d 506 (3d Cir.1997) ............................................................................................ 3

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp.*,
   564 B.R. 192 (S.D.N.Y.2016) ................................................................................... 4, 11

*Owen Healthcare, Inc. v. Franklin Square Hosp.*,
   159 B.R. 453 (E.D. Pa. 1993)....................................................................................... 14

*Page v. Rite Aid Corporation et al.*,
   Case No. 2:22-cv-4201-KBH (E.D. Pa.) ............................................................. 2, 13, 14

*Paramount Fin. Commc'ns, Inc. v. Broadridge Inv'r Commc'n Sols., Inc.*,
   2023 WL 5635772 (E.D. Pa. Aug. 31, 2023) ................................................................. 4

*Pritchard v. Comenity Bank*,
   2016 U.S. Dist. LEXIS 89123 (D.N.J. July 5, 2016) ..................................................... 9

*Queenie, Ltd. v. Nygard Int'l*,
   321 F.3d 282 (2d Cir. 2003) ........................................................................................ 11

*Scalia v. Elder Res. Mgmt., Inc.*,
   2020 WL 7382163 (W.D. Pa. Dec. 16, 2020) .............................................................. 15

*Shirsat v. Mut. Pharm. Co.*,
   1995 WL 695109 (E.D. Pa. Nov. 21, 1995) ................................................................. 13

*Smith v. Dominion Bridge Corp.*
   1999 WL 111465 (E.D. Pa. Mar. 2, 1999) ............................................................ 8, 9, 11

*Soroush v. Ali*,
   2009 WL 3467897 (E.D. Pa. Oct. 28, 2009) ................................................................ 10

*Thorpe v. City of Phila.*,
  2022 WL 991379 (E.D. Pa. Mar. 31, 2022) ............................................................................. 8

*United Nat'l Ins. Co. v. Equip. Ins. Managers*,
  1997 WL 241152 (E.D. Pa. May 6, 1997) ................................................................................ 8

*Zaftr Inc. v. Lawrence*,
  2021 WL 4989769 (E.D. Pa. Oct. 27, 2021) ............................................................................ 4

## STATUTES

11 U.S.C. § 362(a) ..................................................................................................................... 3, 4, 5

11 U.S.C. § 502(e) ......................................................................................................................... 14

11 U.S.C. § 510(b) ......................................................................................................................... 14

11 U.S.C. §§ 105 ............................................................................................................................... 5

15 U.S.C. §§ 78j(b) ..................................................................................................................... 2, 12

15 U.S.C. §§ 78t(a) ...................................................................................................................... 2, 11

15 U.S.C.S. § 78u-4 ....................................................................................................................... 14

## RULES

17 C.F.R. § 240.10b-5 ...................................................................................................................... 2

FED. R. BANKR. P. 7001(7) ................................................................................................................. 5

## I.    INTRODUCTION

Lead Plaintiff Jennifer DaSilva ("Plaintiff") respectfully submits this memorandum in opposition to the Motion to Stay (ECF 49) (the "Motion") and the memorandum of law submitted in support of the Motion (ECF 49-1) ("Defs.' MOL") filed by Defendants Donigan, Schroeder, Peters, Konrad, Standley, Karst, and Burr (collectively, the "Individual Defendants"). The Motion should be denied because the Individual Defendants fail to carry their heavy burden of proof required to show that relief as extraordinary as the stay requested should be granted.

As a preliminary matter, the Individual Defendants expressly waive any argument that debtor-Defendant Rite Aid Corporation's ("Rite Aid" or the "Company") bankruptcy triggered an automatic stay as to them. This is for good reason: courts universally recognize that the bankruptcy code's automatic stay provision does not apply to nondebtors like the Individual Defendants, who are alleged to be independently liable to Plaintiff and the Class. Instead of the bankruptcy code, the Individual Defendants base their Motion solely upon the Court's inherent authority. The Court should decline to exercise its discretionary authority to grant a stay. A stay is an "extraordinary" remedy and justifying its necessity is a "heavy burden"—something the Individual Defendants do not come close to meeting. Indeed, none of the factors that courts typically consider when evaluating motions to stay weigh in favor of granting the Motion.

Should the Court grant the stay requested, Plaintiff's case will necessarily be hampered from advancing for the duration of the stay, despite this case being filed almost one year ago, and Defendants' fraud commencing almost six years ago. Plaintiff, the Court, and the public all have a serious and cognizable interest in the "expeditious resolution" of civil fraud actions like this one. Conversely, the Individual Defendants have not provided any arguments beyond mere speculation militating in favor of a stay. Indeed, the Motion does not assert *a single* argument in support of a stay that is predicated on verified, rather than hypothetical or contingent, risks. Tellingly, despite

1

the Individual Defendants' suggestions that being required to litigate "during [Rite Aid's] reorganization" (Defs.' MOL at 8) would pose some unspecified burden, three of the Individual Defendants are currently defendants in other securities class action litigations (***including a separate action pending before this Court***), and none of the three has suggested in those cases that a stay is necessary. *See Page v. Rite Aid Corporation et al.*, Case No. 2:22-cv-4201-KBH (E.D. Pa.) (Hodge, J.); *City of Hialeah Employees Retirement System et al. v. Becker et al.*, Case No. 3:23-cv-1697-JD (N.D. Ca.) (consolidated into *In re SVB Financial Grp. Sec. Litig.*, Case No. 3:23-cv-01097-JD, Dkt. No. 82 (N.D. Cal. Nov. 30, 2023)).

On balance, the hypothetical harms advanced by the Individual Defendants lend zero support in favor of a stay, and no judicial resources will be conserved by granting a stay since this action will proceed against the Individual Defendants regardless of the outcome in Rite Aid's bankruptcy case. Moreover, the Motion comes on the heels of the prior 45-day stay that Plaintiff agreed to in good faith. Accordingly, Defendants fail to satisfy the heavy burden necessary to demonstrate that a stay is warranted, and Plaintiff respectfully requests the Motion be denied.

## II.    BACKGROUND

Lead Plaintiff Jennifer DaSilva brings the above-captioned securities fraud class action (the "Action") pursuant to 15 U.S.C. §§ 78j(b) and 78t(a) ("Section 10(b)" and "Section 20(a)," respectively) of the Securities Exchange Act of 1934 (the "Exchange Act") and 17 C.F.R. § 240.10b-5 ("Rule 10b-5") promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC"), on behalf of herself and all persons and entities who purchased or otherwise acquired Rite Aid common stock between April 26, 2018 and August 25, 2023. Lead Plaintiff filed the operative Amended Class Action Complaint for Violation of Federal Securities Laws (the "AC") on September 8, 2023. ECF 40. The AC alleges, *inter alia*, that Defendants made false and misleading statements to Rite Aid investors causing them significant damages.

On October 15, 2023, Rite Aid filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. ECF No. 46; *In re Rite Aid Corporation*, Case No. 23-18993(MBK) (Bankr. D.N.J.) (the "Bankruptcy Action"). Thereafter, on October 17, 2023, Rite Aid filed a Suggestion of Bankruptcy for Rite Aid Corporation and Certain of its Affiliates and Notice of Automatic Stay of Proceedings in this case. *Id.* Accordingly, this case is automatically stayed as to Rite Aid, and Rite Aid only, pursuant to the Bankruptcy Code's automatic-stay provision. *See* 11 U.S.C. § 362(a). In consideration of the impact of Rite Aid's bankruptcy filing, on October 31, 2023, Plaintiff voluntarily agreed to stay the case against the Individual Defendants for 45 days until December 14, 2023. ECF No. 48. The Individual Defendants now move for a further stay of the Action until after the confirmation hearing in the Bankruptcy Action, scheduled for February 29 and March 1, 2024. ECF 49. As grounds for a stay, the Motion solely seeks to invoke the Court's discretionary powers and does not (because it cannot) rely on any provision of the Bankruptcy Code. Defs.' MOL at 1.

### III.    ARGUMENT

#### A.    The Individual Defendants Concede that the Automatic Stay Does Not Apply

Upon the commencement of a debtor's bankruptcy case, the automatic stay immediately and automatically stays all "action[s] or proceeding[s] against the debtor." 11 U.S.C. § 362(a)(1). Therefore, Rite Aid's bankruptcy triggered an automatic stay as to the Company only, because "as a general matter [the Bankruptcy Code] stays actions only against a debtor." *Forcine Concrete & Constr. Co. v. Manning Equip. Sales & Serv.*, 426 B.R. 520, 522 (E.D. Pa. 2010) (citing *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir.1997)); *Jackson v. Trump Entm't Resorts, Inc.*, 2015 WL 13637411, at *5 (D.N.J. Feb. 11, 2015) ("The automatic stay provision under § 362(a)(1) applies only to debtors."); *In re Summers*, 1999 Bankr. LEXIS 837, at *13 (Bankr. E.D. Pa. June 28, 1999) ("[N]umerous courts have held that the provisions of section 362(a) are inapplicable to

3

civil actions against nondebtors.") (citing cases); *Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*, No. CV 18-3480, 2018 WL 5923447, at *1 (E.D. Pa. Nov. 13, 2018) ("[A]n action or proceeding stayed as to the debtor under § 362(a)(1) is not stayed as to its co-defendants.").[1]

The Individual Defendants agree the automatic stay only applies to Rite Aid. Defs.' MOL at 3 ("This case is stayed as to Rite Aid pursuant to the automatic stay in 11 U.S.C. § 362(a)."). Accordingly, the Individual Defendants waive any argument regarding the Bankruptcy Code's application to them (there is none), and cannot be granted a stay on that basis. *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief…"); *Zaftr Inc. v. Lawrence*, 2021 WL 4989769, at *6 n.9 (E.D. Pa. Oct. 27, 2021) ("Defendants are precluded from raising new arguments on reply."); *Anspach v. City of Phila.*, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise argument in one's opening brief waives it"); *Paramount Fin. Commc'ns, Inc. v. Broadridge Inv'r Commc'n Sols., Inc.*, 2023 WL 5635772, at *2 n.4 (E.D. Pa. Aug. 31, 2023) (finding issue waived when raised for the first time in the reply brief.).

Although the Individual Defendants waived any request to extend the automatic bankruptcy stay to themselves, the Motion nonetheless contends that the Individual Defendants should be granted a discretionary stay of the Action because, purportedly, Rite Aid is the "real party in interest." Defs.' MOL at 5. Evaluating whether a debtor-defendant is a "real party in interest" to an action is not a cognizable factor that courts consider when deciding whether to

---

[1] *See also In re Dynegy, Inc*, 770 F.3d 1064, 1066 (2d Cir. 2014) (bankruptcy "prompted an automatic stay of the securities class action in the district court as to Dynegy Inc. but not the three individual defendants"); *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp.*, 564 B.R. 192 (S.D.N.Y.2016) (automatic stay resulting from corporate defendant's bankruptcy did not apply to co-defendants).

4

exercise their inherent authority and grant a discretionary stay. Rather, that factor relates to scenarios where bankruptcy courts are deciding, under unusual and limited circumstances, whether to extend the automatic stay to non-debtors under 11 U.S.C. §§ 105 and 362(a)(1). Again—the Individual Defendants have not requested an extension of the automatic stay, and therefore waived the argument.

Moreover, any argument that the Bankruptcy Code's automatic stay should be extended to the Individual Defendants would be improper.

*First*, district courts are not the appropriate venue to request an extension of the automatic stay. Rather, the decision to extend equitable relief to protect non-debtor parties in connection with the bankruptcy of a co-defendant should be left to the "unfettered authority" of the bankruptcy court, and Rite Aid has not asked the Bankruptcy Court to extend the automatic stay to the Individual Defendants. *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985). Such relief can only be sought through an adversary proceeding commenced in the bankruptcy court by Rite Aid in connection with its bankruptcy case. *See* FED. R. BANKR. P. 7001(7) (requiring any proceeding seeking injunctive relief in bankruptcy to be commenced as an adversary proceeding).

*Second*, courts only consider an extension of the automatic bankruptcy stay in the "unusual circumstance[]" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Forcine Concrete & Constr. Co.*, 426 B.R. at 523. The purpose of the "unusual circumstances" exception is to protect "*the debtor* during the pendency of the debtor's bankruptcy proceeding[.]" *Jackson*, 2015 WL 13637411, at *2 (emphasis in original). Here, the Individual Defendants fail to establish that there is such "identity" between the Individual Defendants and Rite Aid and that any judgement against

5

them would in effect be a judgement against Rite Aid, as well. *Forcine Concrete & Constr. Co.*, 426 B.R. at 523. Indeed, Defendants Donigan, Standley, Karst, Konrad, and Peters are no longer employed by Rite Aid, severing any possible connection between them. Moreover, the "unusual circumstances" exception is designed to protect the debtor (Rite Aid). *See In re LTL Management, LLC*, 638 B.R. 291, 306 (Bankr. D.N.J. 2022) ("[A] critical factor in deciding whether to extend the stay is the potential adverse impact on a debtor's estate and prospect of reorganization."). Rite Aid has not sought any stay of this action and no adverse impact on the debtor's reorganization has been suggested or exists.

*Third*, the Individual Defendants are independently liable to Plaintiff on all claims asserted in the AC. Indeed, the AC is painstakingly detailed and identifies the speaker(s) of every misstatement alleged and has alleged false statements made by the Individual Defendants.[2] Thus, the Individual Defendants are independently liable on the claims, and they have failed to advance any real connection between themselves and Rite Aid such that they should receive the benefit of Rite Aid's bankruptcy stay.[3] *See Hong v. Mommy's Jamaican Mkt. Corp*., 2023 WL 3568807, at

---

[2] AC ¶¶ 174 and 205 (false statements made by Defendant Konrad); ¶168 (false statements made by Defendant Karst);  ¶¶183, 190, 194, 198, 209, 214, 217, 221, 224, 226, 230, 233, 240 (false statements made by Defendant Donigan); ¶¶199, 204, 211, 215, 222 (false statements made by Defendant Peters); ¶¶ 168, 178, 183, 190, 194, 197, 202, 213, 219, 228, 232, 237, 239 (false statements made by Defendant Schroeder); and ¶¶ 168, 178 (false statements made by Defendant Standley).

[3] The Individual Defendants' cases are inapposite. The court in *Loewen* considered a letter plaintiff's counsel submitted that confirmed the defendant debtor was indispensable to the proceedings, therefore the Court found that the plaintiffs themselves could not meaningfully "separate the actions of the company from the actions of its officers and directors." *In re Loewen Grp., Inc. Sec. Litig*., 2001 WL 530544, at *3 (E.D. Pa. May 16, 2001). Here, Plaintiff has made no such representations. Moreover, Plaintiff's AC has demonstrated that the Individual Defendants are meaningfully separate from Rite Aid by identifying the speaker(s) of every misstatement alleged including statements made by the Individual Defendants for which they are  independently liable. *See* n.2, *supra. Adelphia* involved parallel criminal proceedings and SEC enforcement actions which the court found were so closely intertwined with the civil action at issue that the

6

*2 (S.D.N.Y. May 18, 2023) (where "the non-debtor defendant is independently liable to a plaintiff for misconduct—e.g., where the debtor and non-debtors are joint tortfeasors—courts are loath to extend the stay to non-debtors."); *In re Phar-Mor, Inc. Sec. Litig.*, 166 B.R. 57, 62 (W.D. Pa. Apr. 4, 1994) ("the Code was not intended to stay actions which assert that a nondebtor is independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of duty").

Accordingly, the automatic bankruptcy stay cannot support a stay of this Action as to the Individual Defendants.

### B.    The Court Should Not Exercise Its Inherent Authority to Enter A Discretionary Stay of Claims Asserted Against the Individual Defendants

#### 1.    Legal Standard

Although the Court retains "the power to stay proceedings" as part of its "power inherent…to control the disposition of the causes on its docket[,]" issuing stays is "an extraordinary, disfavored remedy[.]" *Discover Bank v. Greenwood House Home for the Jewish Aged T/A Abrams Residence*, 2021 WL 11695985, at *1 (D.N.J. Jan. 15, 2021); *Holland v. New Jersey Res. Corp.*, 2013 WL 4780763, at *4 (D.N.J. Sept. 5, 2013) (same). Parties moving for a stay bear the burden of demonstrating a stay is warranted, and in order to do so, they "must state a clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004). The Individual Defendants must make out "a clear case of hardship or inequity of being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *See ADP, Inv. v. Wise Payments LTD.*, 2022 WL 2833819, at *3 (D.N.J. July 19, 2022). Demonstrating that a stay

non-debtor defendants risked self-incrimination issues. *See* n. 5, *infra. In re Adelphia Commc'ns Sec. Litig.,* 2003 WL 22358819, at *6 (E.D. Pa. May 13, 2003). No such concerns are present here.

7

is warranted is a "heavy burden." *Id. at* \*3.

The Individual Defendants assert that the Court should evaluate their requested stay under a test cited in *In re Adelphia Commc'ns Sec. Litig*., (Defs.' MOL at 4-5), which evaluated the following four factors:

> (1) plaintiff's interest in having a forum and whether a satisfactory alternative forum exists; (2) whether the defendant may wish to avoid multiple litigation or inconsistent relief for liability shared with third parties; (3) the extent to which judgment may impede the debtor-party's ability to protect its interest; and (4) the interest of the courts and the public in the consistent and efficient settlement of controversies.

*In re Adelphia Commc'ns Sec. Litig*., 2003 WL 22358819, at \*6 (E.D. Pa. May 13, 2003). Since the date *Adelphia* was decided, use of this test has been extraordinarily rare. Furthermore, the four *Adelphia* factors were originally articulated by *United Nat'l Ins. Co. v. Equip. Ins. Managers*, No. CIV. A. 95-CV-0116, 1997 WL 241152, at \*3 (E.D. Pa. May 6, 1997), which was adjudicating a wholly different circumstance—a motion to sever.[4] Accordingly, the *Adelphia* standard, even if it was applicable to a motion to stay (rather than to sever), is marginally relevant at best.[5]

Instead, Third Circuit courts far more commonly consider the following three factors when

---

[4] *See Smith v. Dominion Bridge Corp.,* 1999 WL 111465, at \* 4 (E.D. Pa. Mar. 2, 1999): "In *United National Insurance*, the court, **in the context of considering a motion to sever** the claims against individual, non-debtor defendants, considered four factors that have been used to determine whether a court should proceed without a party whose absence from the litigation is compelled by other reasons." (emphasis added).

[5] Moreover, in *Adelphia,* there were ongoing criminal proceedings and SEC enforcement actions, further distinguishing the case at bar. The *Adelphia* court held that the criminal proceedings were "so closely intertwined" there was "a substantial risk of self-incrimination" were the civil cases allowed to proceed. *Adelphia Commc'ns Sec. Litig*., 2003 WL 22358819, at \*4 (E.D. Pa. May 13, 2003). Cases examining the four factors considered in *Adelphia* are generally ones involving stays where there are concurrent criminal proceedings and often consider Fifth Amendment self-incrimination issues. *See, i.e. Hernandez v. City of Phila*., 2022 WL 10493526, at \*2 (E.D. Pa. Oct. 18, 2022); *Thorpe v. City of Phila*., 2022 WL 991379, at \*2 (E.D. Pa. Mar. 31, 2022); *Frantatoro v. Grabato*, 2023 WL 5605669, at \*4 (D.N.J. Aug. 30, 2023).

deciding whether to grant a discretionary stay: "(1) whether a stay will simplify the issues and promote judicial economy; (2) the balance of the harm to the parties; and (3) the length of the requested stay." *Giovanni v. United States Dep't of the Navy*, No. CV 16-04873, 2019 WL 6839941, at *1 (E.D. Pa. Dec. 16, 2019); *Holland v. N.J. Res. Corp.*, 2013 WL 4780763, at *4, (D.N.J. Sep. 5, 2013).[6] Courts sometimes split the "balance of the harms" factor into two independent factors: (i) "the hardship that the movant would face if the stay was not granted;" and (ii) "the injury that a stay would inflict on the non-movant." *Garcia v. S&F Logistics, LLC*, 2022 WL 2392029, at *1 (E.D. Pa. July 1, 2022). The effect is the same—the Court should arrive at the outcome that, on balance, least prejudices the parties.

Here, regardless of which test is used, each of the factors weigh in favor of denying a discretionary stay. Thus, the Individual Defendants have failed to carry their "heavy burden" necessitating the "extraordinary relief" of a stay, and the Court should find that on balance, the factors weigh in favor of denying the Motion.

      **2.      Application of Each of the Factors Favors Plaintiff and Militates Against Granting a Stay**

*Plaintiff's Interest in the Forum (Adelphia Factor 1)*:[7] This factor weighs in favor of

---

[6] Courts also use these same factors when deciding a motion to stay proceedings pending the resolution of another action. *See, i.e., Ciolli v. Iravani,* 2008 WL 4412053, at *2 (E.D. Pa. Sept. 24, 2008); *Dennis v. Trans Union, LLC*, 2016 WL 127453, at *2 (E.D. Pa. Jan. 12, 2016); *Pritchard v. Comenity Bank*, 2016 U.S. Dist. LEXIS 89123, at *2 n.4 (D.N.J. July 5, 2016). That is what the Individual Defendants seek here by requesting a stay pending a resolution of the Bankruptcy Action.

[7] The very nature of this factor further demonstrates the inapplicability of the *Adelphia* test to a motion to stay, rather than, for example in the context of joinder motions, motions to sever, or motions to transfer a case where issues concerning forum are more frequently litigated. The lack of detailed analysis provided in the Individual Defendant's cases cited in support further proves this point. For example, the analysis of forum issues in *Adelphia* amounts to only a few sentences. *In re Adelphia*, 2003 WL 22358819, at *7.  In *Smith*, the court's analysis "[a]s to the first factor," was only one sentence. *Smith v. Dominion Bridge Corp.*, No. CIV. A. 96-7580, 1999 WL 111465, at *4 (E.D. Pa. Mar. 2, 1999).

Plaintiff because "plaintiff does not have an alternate forum in which to pursue [her] claims against the non-bankrupt defendants." *Cushman & Wakefield, Inc. v. Backos*, 129 B.R. 35, 37 (E.D. Pa. 1991); *Klaff v. Wieboldt Stores, Inc*., 1988 WL 142163, at *5 (N.D. Ill. Dec. 23, 1988) ("Plaintiffs should not thus be denied a forum in which to pursue their claims against those defendants who remain unshielded by the bankruptcy laws."). Here, granting a stay would leave Plaintiff with no alternative forum to litigate her claims while the Bankruptcy Action is proceeding, which would, in effect, leave Plaintiff without a forum.

The Individual Defendants argue that the Court should discretionarily stay the Action because Plaintiff retains this Court as forum to adjudicate her case, and extending the stay to all defendants merely delays the proceedings. Defs.' MOL at 7. But that trivializes the harm caused by delay. Plaintiff cannot prosecute her securities claims in the Bankruptcy Action, so a stay would leave her forumless and that prejudice necessarily outweighs the Individual Defendants' claim of harm, because they have not proffered any. Indeed, "courts have recognized that delay inherently harms a non-moving party by prolonging resolution of the dispute." *Cao Lighting, Inc. v. Gen. Elec. Co*., No. 20-681-GBW, 2022 WL 17752270, at *3 (D. Del. Dec. 19, 2022); *In re Valeant Pharms. Int'l, Inc., Sec. Litig.*, 2019 WL 1578677, at *7 (D.N.J. Apr. 12, 2019) ("as in all cases, the plaintiffs, the Court, and the public have an interest in the expeditious resolution of its case."); *Soroush v. Ali*, 2009 WL 3467897, at *4 (E.D. Pa. Oct. 28, 2009) ("the public's interests in prompt resolution of civil disputes and in holding accountable those who defraud others" weighed against stay); *In re Deriv. Litig., Herley Indus., Inc.*, 2007 WL 1101276, at *3 (E.D. Pa. Apr. 11, 2007) ("the public interest in the integrity of securities markets militates in favor of the efficient and expeditious prosecution of [] civil actions").

***The Other Adelphia Factors Do Not Weigh In Favor of Granting a Stay:*** The remainder

10

of the Individual Defendants' *Adelphia* factor arguments concern collateral estoppel and whether Rite Aid would be prevented from litigating factual and legal issues critical to the claims against it if the case was allowed to proceed without a stay. Defs.' MOL at 6-7.[8] As an initial matter, Defendants' argument is purely conjectural. The Individual Defendants claim that allowing this Action to proceed "*could*" lead to inconsistent results or duplicative proceedings that *may* impede Rite Aid's ability to protect its interest. Defs.' MOL at 7 (emphasis added). But their identified harm is based on speculation. Indeed, courts are skeptical that a judgement against co-defendants would have preclusive effects on debtor defendants. *N.J. Carpenters Health Fund*, 564 B.R. at 195, 196 ("We have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision."). Accordingly, it is inappropriate to stay an action as "to a non-debtor solely on collateral estoppel grounds." *Forcine Concrete & Constr. Co.*, 426 B.R. at 520 (denying stay as to nondebtor defendants) (internal quotations omitted). Even if some hypothetical adverse decision is "later use[d] against the debtor," granting a stay would be inappropriate because it would cause "vast and unwarranted interference with [Plaintiff's] enforcement of [her] rights against non-debtor codefendants." *Id.* at 525 (citing *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003)). Thus, the Individual Defendants' hypothetical harm cannot overcome the real, certain harm to Plaintiff.

In support of their argument concerning fears of "inconsistent relief," the best that the

---

[8] Reliance on *Smith v. Dominion Bridge Corp.*, 1999 WL 111465, at \*5 (E.D. Pa. Mar. 2, 1999) is again misplaced. First, the individual defendants in *Smith* requested that the automatic bankruptcy stay be applied, not a discretionary stay, as the Individual Defendants seek here. Moreover, the Court gave deference to the foreign bankruptcy proceedings under the principle of international comity, which is also inapplicable here.

Individual Defendants can muster is that "if" the Court makes any determination on "the viability of Plaintiff's Section 20(a) claim while Rite Aid remains in bankruptcy, it will necessarily need to decide upon the viability of the Section 10(b) claims against Rite Aid." Defs.' MOL at 6, 7. From here, the Individual Defendants make the unsupported inferential leap that allowing this Action to proceed would "deny Rite Aid an opportunity to raise its own arguments" and that "threaten Rite Aid's ability to litigate the case itself." *Id* at 6.[9] However, the Individual Defendants' manufactured fears are not grounded in reality. No Defendant has filed their motion to dismiss yet, nor has Plaintiff responded. The Individual Defendants are well aware that the probability that any motion to dismiss would be fully briefed, potentially argued, and decided by the March 1, 2024 confirmation hearing is nil. Furthermore, the Individual Defendants cannot have it both ways. While the Individual Defendants feign dismay that, without a stay, Rite Aid would not be able to "raise its own arguments[,]" Defs.' MOL at 6, they never even argue that the automatic stay concerning Rite Aid will be dissolved and that Plaintiffs' claims will continue against Rite Aid. Additionally, the Individual Defendants never specify what arguments they might fail to raise on Rite Aid's behalf. Instead, the Individual Defendants ***admit that there is no daylight between the claims asserted against them and those against Rite Aid*** when they concede that "Plaintiff's theory of liability as to the Individual Defendants is identical to her theory of liability as to Rite Aid." Defs.' MOL at 5. The Court should not give credence to the Individual Defendants' specious collateral estoppel argument, which hinges on speculation that they might fail to make arguments for the benefit of Rite Aid, when they simultaneously represent to the Court that they must defend against "identical" claims themselves.

---

[9] It bears repeating, this is not the Individual Defendants' argument to make—only Rite Aid could assert this concern. Because of the automatic stay, Rite Aid has not made any such argument here, and Rite Aid has not sought relief (when it could have) in the Bankruptcy Court.

12

***A Balance of the Harms Strongly favors Denying a Stay***: If the stay is granted, Plaintiff will be unduly prejudiced by losing her right to pursue her case expeditiously. *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980) ("Any plaintiff in the federal courts enjoys the right to pursue his [or her] case and to vindicate his [or her] claim expeditiously."). Moreover, delays lead to the deterioration of evidence. *Shirsat v. Mut. Pharm. Co.*, 1995 WL 695109, at *2 (E.D. Pa. Nov. 21, 1995) (noting a delay could lead to "unavailability of witnesses and the deterioration of witnesses' memories"); *see also Dental Ben. Mgmt., Inc. v. Capri*, 153 B.R. 26, 29 (E.D. Pa. 1992) ("[D]uring the delay [caused by bankruptcy stay] there is the chance that memories will fade and evidence will disappear."); *Local 478 Trucking & Allied Indus. Pension Fund v. Jayne*, 778 F. Supp. 1289, 1324-25 (D.N.J. 1991) (refusing to stay case against non-debtor where stay would result in "undu[e] prejudice" to plaintiff).

Whereas Plaintiff will suffer the immediate loss of her right to expeditiously prosecute her case on behalf of the Class should the stay be granted, the Individual Defendants offer nothing but vague and speculative claims of hardship that litigating this case would supposedly cause them. Such perfunctory argument fails to substantiate their heavy burden of justifying the necessity of a stay. *Garcia v. S&F Logistics*, 2022 WL 2392029, at *3 (E.D. Pa. July 1, 2022) ("Argonaut's motion does not describe, in even the broadest terms, what hardship [it] might endure should this litigation continue."). Indeed, it is telling that three of the individual defendants are currently defendants in other class action litigations asserting claims under the federal securities laws, ***including an action before this Court***, and none have requested stays in those actions. *See Page v. Rite Aid Corporation et al.*, Case No. 2:22-cv-4201-KBH (E.D. Pa.) (Hodge, J.) (class action alleging violations of Sections 10(b) and 20(a) of the Exchange Act against Defendants Donigan and Schroeder); *City of Hialeah Employees Retirement System et al. v. Becker et al.*, Case No.

13

3:23-cv-1697-JD (N.D. Ca.) (class action alleging violations of 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a) and 15 of the Securities Act of 1933 against Defendant Burr) (consolidated into *In re SVB Financial Grp. Sec. Litig.*, Case No. 3:23-cv-01097-JD, Dkt. No. 82 (N.D. Cal. Nov. 30, 2023)). In fact, defendants in the *Page* action filed a reply brief in further support of their motion to dismiss on January 12, 2024. *Page v. Rite Aid Corporation et al*., Case No. 2:22-cv-4201-KBH, Dkt. No. 40 (E.D. Pa.) (Hodge, J.). Thus, the arbitrariness of the Individual Defendants' decision to file a motion for stay in this Action, and not any others, is fatal to their suggestion that being required to continue litigating this action would pose a hardship.

Moreover, that Rite Aid purportedly has legal obligations to indemnify the Individual Defendants and maintains the insurance policies does not weigh in their favor.[10] Rather, the existence of an indemnification agreement is insufficient to warrant a stay, much less a vague notion of some future indemnity demand. *See Owen Healthcare, Inc. v. Franklin Square Hosp.*, 159 B.R. 453, 457 (E.D. Pa. 1993) ("Whether or when" a non-debtor defendant may enforce a "purported indemnity agreement has no connection to [plaintiff's] case against [non-debtor defendant]"). Not to mention, any demand for indemnification and advancement would itself be subject to the automatic stay and any indemnification claim arising from this action would be subordinated under section 510(b) of the Bankruptcy Code and, to the extent contingent, subject to mandatory disallowance under section 502(e)(1)(b).

Last, the Individual Defendants argue that requiring "burdensome discovery" into documents controlled by the debtor, "would distract from Rite Aid's reorganization efforts." Defs.' MOL at 7-8. This argument is unavailing because the PSLRA already requires a stay on discovery

---

[10] Defendants have not offered proof of any such legal obligations, nor have they submitted any such insurance policies. They cannot do so for the first time on reply.

until after the motion to dismiss is decided. 15 U.S.C.S. § 78u-4 78u-4(b)(3)(B) ("In any private action arising under this title [15 USCS §§ 78a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."). Again, the Individual Defendants' contention that any motion to dismiss would be decided by March 1, 2024 strains credulity.

In sum, the balance of the harms favors Plaintiff and militates against a stay.

*The Duration of the Stay is Unreasonable:* The Individual Defendants request the case remain stayed as to them through March 8, 2024 which is more than a year after the initial complaint in this case was filed and almost six years after they began issuing fraudulent statements to investors. Moreover, Plaintiff has already voluntarily agreed in good faith to stay the proceedings for 45 days. ECF 48. Given that this case has already been pending for more than a year, and has yet to progress to the motion to dismiss stage, the Individual Defendants' stay request is unreasonable. *See Scalia v. Elder Res. Mgmt., Inc.*, 2020 WL 7382163, at *3 (W.D. Pa. Dec. 16, 2020) (denying a stay in 2020 where the "case has been ongoing since May of 2019, and the Department of Labor represents the interests of Defendants' employees, who [Individual] Defendants allegedly have been underpaying for their work since November 2015.").[11] The duration of the request further cuts against the Individual Defendants because they have failed to show what severe prejudice they would suffer between now and March 8, 2024 which necessitates the extraordinary relief they seek.

*Judicial Economy favors Plaintiff:* "[A] stay will merely delay the use of judicial resources, not conserve them." *Clientron Corp. v. Devon IT, Inc.*, 2014 WL 940406, at *5 (E.D. Pa. Mar. 10, 2014). Here, this litigation will have to proceed irrespective of the outcome of the

---

[11] *See also Horn v. District of Columbia*, 210 F.R.D. 13, 14 (D.D.C. 2002) (denying a motion for a 90-day stay of discovery where investigation had been pending for 17 months).

Bankruptcy Action and the Individual Defendants do not argue otherwise. Therefore, it is uncontroverted that zero judicial resources will be conserved by delaying the progress of Plaintiff's claims as well as those of potential class members. At a minimum, a stay would further prolong the Individual Defendants' time to file an answer, their motion to dismiss, and therefore the time to close the pleadings. This further leads to delays in Plaintiff's ability to take discovery, to move for class certification, and to proceed to along the Court's docket toward trial. To require Plaintiff to cease litigation under these circumstances, when no judicial resources would be conserved and when discovery is already stayed due to the PSLRA, is especially inequitable.

## IV.    CONCLUSION

The facts of this case militate against a discretionary stay. For the foregoing reasons, the Plaintiff respectfully requests that this Court deny the Individual Defendants' Motion to Stay in its entirety.

Dated: January 16, 2024

Respectfully submitted,

*/s/ David M. Klauder*
**BIELLI & KLAUDER, LLC**
David M. Klauder
Ryan M. Ernst
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
dklauder@bk-legal.com
rernst@bk-legal.com
*Liaison Counsel for Lead Plaintiff*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
Gregory M. Potrepka
Rachel A. Berger
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
Facsimile: (212) 363-7171
shopkins@zlk.com
gpotrepka@zlk.com
rberger@zlk.com
*Lead Counsel for Lead Plaintiff and the Class*