**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID HOLLAND, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HEYWARD DONIGAN, MATTHEW C. SCHROEDER, JAMES PETERS, JOCELYN KONRAD, JOHN T. STANDLEY, DARREN W. KARST, and ELIZABETH BURR <br><br> Defendants. | Class Action <br><br> No. 2:23-cv-02962- KBG <br><br> Honorable Kelley Brisbon Hodge |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY IN FURTHER OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Pursuant to this Court's Judicial Policies and Procedures, III.D., Plaintiff seeks leave to file a Surreply brief of no more than five pages in response to Defendants' Reply in Further Support of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 67). A copy of Plaintiff's Proposed Surreply is attached hereto as Exhibit A.

In their 50-page Memorandum in Support of Defendant's [sic] Motion to Dismiss the Amended Complaint (ECF No. 64-3), Defendants challenged the falsity, scienter and loss causation elements of Plaintiff's Section 10(b) claim. Twenty (20) of those pages (out of 34 pages of argument) were devoted to challenging falsity.

Defendants raised several arguments as to falsity over those twenty pages. Buried in footnote 26 on page 37 of their Memorandum, Defendants noted that "much of the content" of the RxExolution statement is "immaterial puffery," but identified only *one* challenged statement as puffery, specifically, Defendant Peters' statement at ¶199 ("But I am energized by the progress

1

we're making as we aggressively implement the RxEvolution strategy."). ECF No. 64-3, at 37 n.26.

Accordingly, Plaintiff responded in her opposition brief that Defendants "only identify *one* challenged statement" as "puffery," explained why it was not puffery in context, and cited relevant, supporting caselaw. Opp. Br. 21-22 (ECF No. 66, at 21-22) (emphasis in original). Plaintiff also underscored that "to the extent Defendants fail to identify the statements they contend are puffery, they have waived that argument. Indeed, Plaintiff and this Court are not required to guess which statements Defendants challenge as puffery. *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999) ('It is not the responsibility of this court to make arguments for the parties.')." ECF No. 66, at 22.

On Reply, Defendants suddenly now argue that they are challenging *sixteen* (16) statements as "immaterial puffery." ECF No. 67, at 18-19. First, as a matter of principle and precedent, Defendants' failure to identify the factual basis for their argument waives that argument as to the statements they now belatedly seek to challenge. *See, e.g., Biddle v. D'Ilio*, 2024 WL 1173718, at *15 (D.N.J. Mar. 19, 2024) ("'It is axiomatic that a party 'may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.'" … Therefore, the Court will not address the new factual basis for Petitioner's [] claim, raised for the first time in his reply brief.") (citations omitted).

Second, if Defendants' argument is not deemed waived, Plaintiff should be given fair opportunity to address what is now a vastly different argument in character and scope, *i.e.*, that *sixteen* (16) different statements constitute "immaterial puffery," rather than just the *one* statement identified by Defendants. This is especially so because whether a statement is "immaterial puffery" depends on the context in which it is made. Accordingly, Plaintiff hereby moves for leave to file the Surreply brief attached hereto as Exhibit A in order to address Defendants' new argument, for

the first time identifying fifteen (15) additional statements as "immaterial puffery," (together with a new argument subheading mentioning "immaterial puffery," where none of Defendants' several subheadings in their prior moving papers mentioned it at all).  *See Sungaralingum v. Carnival Corp.*, 2021 U.S. Dist. LEXIS 13016, *3 (S.D. Fla. Jan. 25, 2021) (surreply granted to defendants where "the factual basis for one of the plaintiff's arguments has changed.").[1]

Respectfully submitted,

Dated: November 11, 2024

**LEVI & KORSINSKY, LLP**

*/s/  Shannon L. Hopkins*
Shannon L. Hopkins
Gregory M. Potrepka
Amanda D. Foley
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com
gpotrepka@zlk.com
afoley@zlk.com

**BIELLI & KLAUDER, LLC**

Ryan M. Ernst (Juris No. 202191)
Melissa M. Hartlipp (Juris No. 333323)
1204 N. King Street
Wilmington, DE 19801
Tel: (302) 803-4600
Email: rernst@bk-legal.com
Email: mhartlipp@bk-legal.com

*Lead Counsel for Lead Plaintiff and the Class*

---

[1] On the morning of November 11, 2024, Plaintiff's notified Defendants' counsel of their intent to file this motion for leave to file a surreply as to the fifteen additional statements identified in Defendants' Reply.  At close of business, Defendants' counsel replied that they opposed this request.