**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DAVID HOLLAND, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:23-cv-02962-KBH |
| RITE AID CORPORATION, HEYWARD DONIGAN, MATTHEW C. SCHROEDER, JAMES PETERS, JOCELYN KONRAD, JOHN T. STANDLEY, DARREN W. KARST, and ELIZABETH BURR, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUR-REPLY**

Defendants Heyward Donigan, Matthew C. Schroeder, James Peters, Jocelyn Konrad, John T. Standley, Darren W. Karst and Elizabeth Burr oppose Plaintiff's Motion for Leave to File Sur-reply in Further Opposition to Defendants' Motion to Dismiss the Amended Complaint (D.E. 69) ("Motion"). Defendants neither "waived" nor raised "new issues" for the first time in their Reply in Further Support of Defendants' Motion to Dismiss the Amended Complaint (D.E. 67) ("Reply") and, therefore, the Motion should be denied.

Plaintiff has no right to a sur-reply, *Marchbanks Truck Serv., Inc. v. Comdata Network, Inc.*, 2011 WL 11559549, at * 17 (E.D. Pa. Mar. 24, 2011), and leave to file sur-replies is not liberally granted, *Gentry v. Sikorsky Aircraft Corp.*, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) "[P]ermission for leave to file a sur-reply is a matter 'committed to the District Court's sound discretion.'" *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (citation omitted). The Local Rules provide that "[t]he Court may require or permit [sur-reply] briefs or submissions if the Court deems them necessary." E.D. Pa. Civ. R. 7.1(c). That said, "[s]ur-reply briefs are seldom necessary. They are appropriate only where a party 'seek[s] to respond to an argument raised for the first time' by an opposing party." *Gentry*, 2018 WL 6329147, at *2 (citation omitted).

In support of her Motion, Plaintiff claims that Defendants argued for the first time in their Reply that sixteen challenged statements were immaterial puffery. Mot. at 2. Not so. The Memorandum in Support of Defendants' Motion to Dismiss the Amended Complaint ("Opening Memo.") (D.E. 64-3) clearly identified the paragraphs of the Amended Complaint that comprise the "RxEvolution Challenged Statements" on page 37, footnote 25 (listing ¶¶ 198-99, 204-05, 209, 211, 214-15, 217, 221-22, 224, 226, 229-30, 233, 235, 237, 240). Then, in footnote 26, immediately below footnote 25 on page 37, Defendants argued:

1

> Moreover, much of the content of the RxEvolution Challenged Statements is inactionable "immaterial puffery." *Ocugen*, 659 F. Supp. 3d at 593. *See, e.g.*, ¶ 199 ("But I am energized in the progress we're making as we aggressively implement the RxEvolution strategy.").

In an effort to be concise, Defendants did not repeat in footnote 26 all the paragraph numbers listed in footnote 25, but made clear by referring to "much of the content" and using "*See, e.g.*" instead of "*See*" that the puffery argument in footnote 26 plainly applied to more than just the one statement in Paragraph 199.

Plaintiff devoted half a page to the puffery argument in her Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint (D.E. 66) ("Opposition"), arguing in part that Defendants failed to adequately identify the puffery statements. Opposition at 21-22. In their Reply, Defendants devoted a paragraph to the puffery argument, refuting the Opposition, explaining why the statements constitute puffery, reiterating that their argument applies to "much of the content of the RxEvolution Challenged Statements," Opening Memo. at 37 n.26, and listing the subset of RxEvolution Challenged Statements that should be dismissed as inactionable puffery. Reply at 18-19. This list is largely identical to the paragraphs listed in footnote 25 of Defendants' Opening Memorandum (omitting only paragraph 217). Thus, Plaintiff's claim that Defendants somehow "sandbag[ed]," Mot. Ex. A (Proposed Sur-reply) at 1, her by proffering "a vastly different argument in character and scope," Mot. at 2, is just not true.

Defendants should not be criticized or penalized for their effort to be concise in challenging a sprawling 162-page Amended Complaint that spans 388 paragraphs and challenges dozens of statements. Plaintiff knew that Defendants had raised puffery as a defense; Plaintiff responded to the puffery argument; and Plaintiff knew that the puffery argument applied to more than just the one statement. Accordingly, the arguments advanced by both sides on the puffery issue have been fully addressed and there is no need or basis for allowing Plaintiff to file a Sur-reply.

The Motion for Leave should be denied.

Dated: November 13, 2024                              Respectfully submitted,

                                                     _/s/ Michael L. Kichline_____
                                                     Michael L. Kichline (Bar No. 62293)
                                                     Laura Hughes McNally (Bar No. 310658)
                                                     Abigail Tootell (Bar No. 329041)
                                                     Morgan, Lewis & Bockius LLP
                                                     2222 Market Street
                                                     Philadelphia, PA 191032
                                                     Telephone: 215.963.5000
                                                     Facsimile: 215.963.5001
                                                     michael.kichline@morganlewis.com
                                                     laura.mcnally@morganlewis.com
                                                     abigail.tootell@morganlewis.com

                                                     *Counsel for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, I caused a copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ Michael L. Kichline*